# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kidist Negede,<br><br>11343 Market Street<br>Fulton, Maryland 20759<br><br>      Plaintiff,<br><br>  v.<br><br>Cybermedia Technologies, Inc., d/b/a CTEC,<br><br>1900 Campus Commons Drive, Suite 100<br>Reston, Virginia 20191<br><br>      Defendants. | **Case No. 1:20-cv-1570** |

## Notice of Removal

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Cybermedia Technologies, Inc. ("CTEC"), by counsel, appearing specially and without waiver of any defenses, files this Notice of Removal and hereby removes this action from the Superior Court of the District of Columbia, Case No. 2020 CA 002218 B ("D.C. Superior Court Action") to the United States District Court for the District of Columbia. As its reasons for removal, CTEC states as follows:

1. On May 26, 2020, Plaintiff Kidist Negede ("Plaintiff") served CTEC with the Summons, Complaint, and Initial Order and Addendum, which initiated the D.C. Superior Court Action against CTEC. True and accurate copies of the Summons, Complaint and Initial Order and Addendum as well as the Acknowledgment of Receipt of Summons are attached as Exhibit 1.

2. The Complaint asserts claims of gender discrimination in violation of the D.C. Human Rights Act and defamation allegedly arising out of Plaintiff's employment and separation of employment from CTEC. No other pleadings or papers have been served on CTEC in the D.C. Superior Court Action.

3. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil actions when the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and when the action is between citizens of different states.

4. In her Complaint, Plaintiff confirms that she is a resident of Fulton, Maryland and that CTEC is a resident of Reston, Virginia. *See* Compl. The Virginia State Corporation Commission Clerk's Information System further confirms that CTEC is a Virginia corporation with its principal place of business in the Commonwealth of Virginia. *See* Entity Information, attached as Ex. 2.

5. The Complaint does not state a specific monetary damages total, however, CTEC is permitted to establish the amount in controversy by a preponderance of the evidence, and the Court "may consider the evidence provided to [it] and exercise some degree of common sense in order to independently determine whether the amount in controversy has been met." *Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149, 152 (D.D.C. 2014) (taking into account plaintiff's annual earnings and the specific relief requested to reach the conclusion that plaintiff's D.C. Family and Medical Leave Act D.C. Human Rights Act Claims sought relief greater than $75,000) (citations omitted).

6. The Complaint seeks judgment against CTEC and damages in an amount greater than $75,000 for two reasons. First, Plaintiff was a salaried employee of CTEC

who earned $139,999.92 per year or $5,833.33 on a semi-monthly basis in gross wages. *See*, Negede Salary History, attached as Ex. 3. She has alleged that she was terminated on October 1, 2019, and she filed the Complaint on April 10, 2020. (*Id.* at 18). Accordingly, Plaintiff's alleged back-wages totaled $69,999.96 as of the filing date of the D.C. Superior Court Action and $87,499.95 as of the service date of the Complaint. Plaintiff is also seeking damages for front pay, lost benefits, emotional distress, punitive damages, and attorneys' fees. Accordingly, the amount in controversy as of the date of the filing and service of the Complaint exceeds $75,000.

7. Finally, settlement offers are "relevant evidence of the amount in controversy" for purposes of determining diversity of citizenship jurisdiction, and Plaintiff issued a December 4, 2019, Demand Letter asserting that "[u]nder the factual circumstances here, the back and front pay damages are likely to be substantial — quite likely, 3 years of salary, or roughly, $420,000[;]" and that an emotional distress award of $300,000 is entirely reasonable in this case[;]" and seeking a monetary settlement of $375,000. *See Nat'l Consumers League v. Flowers Bakeries, LLC.*, 36 F. Supp. 3d 26, 33 (D.D.C. 2014); Demand Letter, attached as Ex. 4.

8. The D.C. Superior Court Action may, therefore, be removed to this Court pursuant to 28 U.S.C. § 1441(a), because Plaintiff and CTEC are citizens of different states and the amount in controversy exceeds $75,000.

9. Additionally, pursuant to 28 U.S.C. § 1446(a), (b), and (d), the D.C. Superior Court Action may be removed to this Court because this Court is the federal district court that includes the District of Columbia within its jurisdiction.

10. This Notice of Removal is filed with this Court within 30 days after Plaintiff served her Complaint on CTEC and before the deadline for CTEC's filing of a responsive pleading has elapsed.

11. Attached is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the Clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

12. Attached is a copy of the Notice to Plaintiff of the Filing of Notice of Removal, which shall also be served on Plaintiff in accordance with 28 U.S.C. § 1446(a).

13. The required filing fee and an executed civil cover sheet accompany this Notice.

14. CTEC submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

WHEREFORE, Defendant Cybermedia Technologies, Inc. respectfully requests that the Clerk note that the D.C. Superior Court Action has been removed from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia, and that all proceedings hereafter shall take place in the United States District Court for the District of Columbia.

Dated: June 16, 2020                    Respectfully submitted,

By: <u>*/s/ Olaoluwaposi O. Oshinowo*</u>
Todd A. Bromberg (Bar No. 472554)
Olauluwaposi O. Oshinowo (Bar No. 1045617)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Telephone:  (202) 719-7000
Facsimile:  (202) 719-7049
tbromberg@wiley.law
ooshinowo@wiley.law

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I certify that on this 16th day of June 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court via the CM/ECF system and that, thereafter, I caused a copy of the same to be served via U.S. Mail, postage prepaid, on:

Tiffany Joseph Goodson
HKM Employment Attorneys LLP
1325 G Street NW, Suite 558
Washington, D.C. 20005
Phone: 202.919.5952
Fax: 202.919.5952
tjospehgoodson@hkm.com

*Counsel for Plaintiff*

I further certify that, pursuant to 28 U.S.C. § 1446(d), on June 16, 2020, a copy of the foregoing Notice of Removal was served via Case FileXpress upon the following:

Clerk of Court
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, DC 20001

/s/ *Olaoluwaposi O. Oshinowo*
Olaoluwaposi O. Oshinowo