# Exhibit 1

Filed
D.C. Superior Court
04/18/2020 09:04PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **KIDIST NEGEDE**<br>11343 Market Street<br>Fulton, MD 20759,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**CYBERMEDIA TECHNOLOGIES, INC.**<br>**d/b/a CTEC**<br>1900 Campus Commons Drive, Suite 100<br>Reston, VA 20191,<br><br>　　　　Defendant. | CASE NO.:　**2020 CA 002218 B**<br><br>**COMPLAINT AND JURY DEMAND** |

　　　　Plaintiff Kidist Negede ("Negede") hereby sets forth her complaint against Cybermedia Technologies, Inc. d/b/a/ CTEC ("CTEC") to recover damages for gender discrimination.

## I.　PARTIES

1.　Plaintiff Kidist Negede is a woman and at all relevant times hereto worked for CTEC on contract projects CTEC secured from the federal government in the District of Columbia.

2.　Defendant CTEC is an "employer" subject to statutes governing employment in the District of Columbia, including the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401.1 *et seq*.

## II.　JURISDICTION AND VENUE

3.　The acts complained of herein occurred principally in the District of Columbia.

4.　At all times material to this action, Defendant conducted business in the District of Columbia.

5.　This action has been filed within the applicable statutory time periods.

6.　Jurisdiction and venue are proper.

1

### III. FACTS

7.  Negede realleges Paragraphs 1 through 6 of the Complaint and hereby incorporates the same by reference.

8.  Negede began her employment with CTEC in or about December 2017 as a Senior Software Developer (C# Developer) when CTEC hired numerous employees of Negede's previous employer upon winning a federal government contract on which Negede was assigned.

9.  At the time of hire, Negede was supporting a federal government project called SCRD ("SCRD Project") as lead programmer. Negede began supporting the SCRD Project as lead programmer in May 2013 and continued in that role after CTEC's hire.

10. In August 2019, CTEC assigned Negede to assist on an additional project called FACES ("FACES Project") while she continued to serve as the lead programmer on the SCRD Project.

11. Negede started to work both the SCRD Project and FACES Project.

12. To facilitate her work on the FACES Project, Negede sent an email to both the FACES team lead and the branch chief for the SCRD Project client, a federal employee, requesting functional training. The branch chief agreed to the functional training and stated that he would ask Negede's CTEC manager to provide Negede VB6 training.

13. That same day, Negede asked the CTEC Project Manager, a CTEC employee, for VB6 training during a telephone conference call. The CTEC Project Manager replied that he would discuss the training with CTEC management and follow up with Negede.

14. CTEC never followed up with Negede regarding the training, and CTEC never provided any of the training that was requested.

15. On or about September 10, 2019, CTEC Project Manager and VP, Naresh Kaharya, advised Negede that CTEC was moving her to a new project that CTEC had just won with the

2

help of her and others' resumes (the "HI Project"). Mr. Kaharya generally discussed the details of the HI Project with Negede, and during that discussion, Negede disclosed to Mr. Kaharya that she is expecting a child. Mr. Kaharya responded by stating, "I thought you just had a baby."

16. Negede previously gave birth to a child on September 9, 2018.

17. On or about September 11, 2019, Negede agreed to work on the HI Project, and over the next few weeks, continued to work both the SCRD and FACES Projects. The FACES Project, in particular, included tasks that depended, in some degree, on the training that Negede previously requested but had not yet received.

18. On or about October 1, 2019, CTEC terminated Negede, purportedly "due to skill set restructuring for [her] current role."

19. CTEC terminated Negede despite the fact that Negede had a good working relationship with the SCRD Project client and that the SCRD Project client relied heavily upon Negede's work.

20. Upon information and belief, the SCRD Project client expressed concerns about Negede's termination and asked CTEC to keep Negede on the SCRD Project.

21. CTEC, however, told the SCRD Project client that Negede requested extended leave, declined to take VB6 training, and refused to report to the SCRD Project Client's Office of Personnel Management for transition training.

22. CTEC's statements to the SCRD Project client are false.

23. CTEC terminated Negede because she is pregnant.

24. CTEC undertook significant efforts to disparage Negede to the SCRD Project client in an effort to conceal that she was terminated due to her pregnancy.

## IV.   CAUSES OF ACTION

### COUNT I – DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT, D.C. CODE § 2-1401.1 *ET SEQ.*

25. Negede realleges the previous paragraphs of the Complaint and hereby incorporates the same by reference.

26. The District of Columbia Human Rights Act prohibits discrimination on the basis of sex with respect to an employee's compensation, terms, conditions, and privileges of employment. D.C. Code § 2-1402.11(a)(1).  This includes discrimination on the basis of a woman's pregnancy.

27. Defendant terminated Negede because of her pregnancy, which constitutes an adverse employment action.

28. As a result of Defendant's wrongful conduct, Negede suffered damages in amounts to be proven at trial.

### COUNT II – DEFAMATION

29. Negede realleges the previous paragraphs of the Complaint and hereby incorporates the same by reference.

30. The statements made by Defendant to the SCRD Project client were false in that Negede did not request extended leave, did not refuse training, and did not fail to report for transition training.

31. Defendant knew the statements to be false and acted intentionally in causing the statements to be published.

32. Defendant was negligent or acted recklessly in publishing false statements.

33. Defendant's statements were malicious and made with bad faith.

34. Defendant's false statemtents constitute *per se* defamation.

4

35.    As a result of Defendant's willful conduct, Negede suffered damages in amounts to be proven at trial.

## V.    JURY DEMAND

Negede hereby demands a trial by jury.

## VI.    PRAYER FOR RELIEF

WHEREFORE Negede prays for relief as follows:

A.    Damages for wages lost including back pay, front pay, and lost benefits;

B.    Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

C.    Punitive damages;

D.    Prejudgment interest in an amount to be determined at trial;

E.    Compensation for any tax penalty associated with a recovery;

F.    Reasonable attorney's fees and costs; and

G.    Whatever further and additional relief the court shall deem just and equitable.

Respectfully submitted this 10th day of April 2020.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By:    *s/ Tiffany Joseph Goodson*
Tiffany Joseph Goodson, DC Bar # 481878
1325 G Street NW, Suite 558
Washington, DC 20005
Phone: (202) 919-5952
Fax: (202) 919-5952
E-mail: tjosephgoodson@hkm.com

*Counsel for Plaintiff Kidist Negede*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Kidist Negede

vs

Cybermedia Technologies, Inc. d/b/a/ CTEC

Case Number: **2020 CA 002218 B**

Date: _____

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Tiffany Joseph Goodson | Relationship to Lawsuit |
|---|---|
| Firm Name: HKM Employment Attorneys LLP | ☒ Attorney for Plaintiff |
| Telephone No.: (202) 919-5952    Six digit Unified Bar No.: 481878 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury    ☐ 6 Person Jury    ☒ 12 Person Jury

Demand: $ To Be Determined at Trial         Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____  Judge: _____  Calendar #:_____

Case No.:_____  Judge: _____  Calendar#:_____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract            ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty            ☐ 17 OVER $25,000 Pltf. Grants Consent     ☐ 18 OVER $25,000 Consent Denied
☐ 6  Negotiable Instrument         ☐ 27 Insurance/Subrogation                 ☐ 26 Insurance/Subrogation
☐ 7  Personal Property                  Over $25,000 Pltf. Grants Consent          Over $25,000 Consent Denied
☒ 13 Employment Discrimination     ☐ 07 Insurance/Subrogation                 ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees             Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
                                   ☐ 28 Motion to Confirm Arbitration
                                        Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 1 Automobile               ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 2 Conversion               ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 1 Abuse of Process                ☐ 10 Invasion of Privacy                ☐ 17 Personal Injury- (Not Automobile,
☐ 2 Alienation of Affection         ☐ 11 Libel and Slander                       Not Malpractice)
☐ 03 Assault and Battery            ☐ 12 Malicious Interference             ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury    ☐ 13 Malicious Prosecution              ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)     ☐ 14 Malpractice Legal                  ☐ 20 Friendly Suit
☐ 6 False Accusation                ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☐ 7 False Arrest                    ☐ 16 Negligence- (Not Automobile,       ☐ 22 Toxic/Mass Torts
☐ 8 Fraud                                Not Malpractice)                   ☐ 23 Tobacco
                                                                            ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE      IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 9  Special Writ/Warrants (DC Code § 11-941)
- ☐ 10  Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_/s/_ _____     April 10, 2020
Attorney's Signature                                         Date

CV-496/ June 2015

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Kidist Negede
_____
Plaintiff
vs.

Cybermedia Technologies, Inc. d/b/a CTEC
_____
Defendant

Case Number    2020 CA 002218 B

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Tiffany Joseph Goodson
_____
Name of Plaintiff's Attorney

1325 G Street, NW Suite 558
_____
Address
Washington, DC 20005

(202) 919-5952
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date    04/13/2020

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]    Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                            Demandante
                contra
                                                        Número de Caso: _____
_____
                            Demandado

### CITATORIO

Al susodicho Demandado:

  Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

  A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                        *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante
                                                Por: _____
_____                Subsecretario
Dirección

                                                Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Dể có một bài dịch, hãy gọi (202) 879-4828
통역을 원하시면 (202) 879-4828 로 연락하십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

  IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

  Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

                    Vea al dorso el original en inglés
                    See reverse side for English original

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

KIDIST NEGEDE

   Vs.                                                             C.A. No.     2020 CA 002218 B

CYBERMEDIA TECHNOLOGIES, INC.

# INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                                     Chief Judge Robert E. Morin

Case Assigned to: Judge YVONNE WILLIAMS
Date:   April 13, 2020
Initial Conference: 9:30 am, Friday, July 10, 2020
Location:   Courtroom 518
               500 Indiana Avenue N.W.
               WASHINGTON, DC 20001

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin