# Exhibit 4



Tiffany Joseph Goodson
1325 G Street, NW Suite 558
Washington, DC 20005
Direct: 202-919-5952
Email: tjosephgoodson@hkm.com

**FOR SETTLEMENT PURPOSES ONLY**
**SUBJECT TO Fed. R. Civ. P. 408**

**Via Email**

December 4, 2019

Monique Lloyd
HR Manager
Cybermedia Technologies Inc. d/b/a CTEC
1900 Campus Commons Drive, Ste. 100
Reston, VA 20191
mlloyd@ctec-corp.com

    Re:    **Kidist Negede**

Dear Ms. Lloyd:

We represent Kidist Negede concerning the wrongful termination that she suffered at the hands of Cybermedia Technologies Inc. d/b/a/ CTEC ("CTEC"). I write this letter in an effort to amicably resolve this matter before turning to litigation against CTEC.

As you know, Ms. Negede began her tenure with CTEC in December 2017 when CTEC hired numerous employees of Salient Federal Solutions, Ms. Negede's former employer, upon winning a federal contract on which several Salient employees were assigned. At the time of her hire, Ms. Negede was working as a C# developer and was supporting the SCRD project as lead programmer. She continued in this role after CTEC hired her.

In August 2019, CTEC asked Ms. Negede to provide assistance on another project, FACES, which she did while continuing to serve as the lead programmer on the SCRD project. On August 15, 2019, the FACES team lead requested FACES team members' schedules for the following two weeks. Ms. Negede had vacation plans for August 19th through August 23rd, which was approved prior to her assignment to FACES, and Ms. Negede provided this information to the FACES team lead. And when Ms. Negede returned to the office on August 26, 2019, she continued to work both the SCRD and FACES projects.

In working the FACES project, Ms. Negede recognized that her assigned tasks would require functional training, which she requested via email to the FACES team lead and the branch chief. The branch chief agreed to the functional training and stated that he would ask her CTEC manager to provide her VB6 training. That same day, Ms. Negede asked the CTEC Project Manager, Taylor Eagles, for VB6 training during a phone call. Mr. Eagles replied that he would discuss the training with CTEC management and follow up with Ms. Negede. However, Ms.

Monique Lloyd
December 4, 2019
Re:  Kidist Negede
Page 2

Negede did not hear anything back from Mr. Eagles, and CTEC never provided any of the additional training that was requested.

On or about September 10, 2019, CTEC Project Manager and VP, Naresh Kaharya, advised Ms. Negede that CTEC was moving her to a new project that CTEC had just won with the help of her and others' resumes (hereinafter, the "HI Project").  Mr. Kaharya generally discussed the details of the project with Ms. Negede, and during that discussion, Ms. Negede disclosed to Mr. Kaharya that she is expecting a child.  Mr. Kaharya responded by stating, "I thought you just had a baby," which Ms. Negede confirmed.

The next day, Ms. Negede agreed to work on the HI Project, and over the next few weeks, continued to work the FACES and SCRD projects.  The FACES project, in particular, included tasks that depended, in some degree, on the functional and VB6 training that Ms. Negede previously requested but had not yet received.

On October 1, 2019, CTEC terminated Ms. Negede, purportedly "due to skill set restructuring for [her] current role."  This development was surprising, particularly given Ms. Negede's role on the SCRD project and her relationship with the client.  Ms. Negede later learned that when the SCRD project client expressed concerns about Ms. Negede's termination and wanted her to stay on the project, CTEC blatantly lied by falsely accusing Ms. Negede of requesting extended leave, declining to take VB6 training, and refusing to report to the office for transition training.

The circumstances underlying Ms. Negede's termination demonstrate that CTEC undertook significant efforts to disparage Ms. Negede and conceal the true reason for her termination – her pregnancy.  This is so, particularly given Ms. Negede's extensive role on the SCRD project, which she worked for years without incident until she disclosed her most recent pregnancy.

District of Columbia law strictly prohibits employers from taking an adverse action against an employee because of her pregnancy.  We believe that is precisely what happened here.

## Liability and Damages

As you are no doubt aware, lawsuits are expensive, distracting, and sometimes embarrassing. They are also unnecessary, particularly if CTEC is prepared to recognize the substantial liability that it will face in the event of litigation.

If we are forced to file a lawsuit, Ms. Negede will be entitled to the following damages:

- **Lost Wages.**  Ms. Negede will be entitled to back pay and front pay damages.  She earned a wage of approximately $140,000/year.  Under the factual circumstances here, the back and front pay damages are likely to be substantial — quite likely, 3 years of salary, or roughly, $420,000.

- **Emotional Distress Damages.**  Ms. Negede has been emotionally devastated by these events.  She is reeling from the fact that CTEC terminated her due to her

Monique Lloyd
December 4, 2019
Re:  Kidist Negede
Page 3

pregnancy, and the ordeal is causing her unnecessary stress that is dangerous to her pregnancy.  Although we recognize that emotional distress damages awards are highly unpredictable, an emotional distress award of $300,000 is entirely reasonable in this case.

- **Attorneys' Fees.**  Under federal and District of Columbia law, a prevailing party is entitled to payment of attorneys' fees.  Based on the facts of this case, we anticipate an award of about $300,000 in fees and costs after Ms. Negede prevails at trial.

These estimates, of course, do not include (1) fees and costs that CTEC and any individual defendants will have to pay their attorneys; (2) pre-judgment interest; and (3) tax gross-up.  Put simply, if this case proceeds through trial, CTEC and the individuals named in the lawsuit could easily end up having to pay out more than $1,000,000, along with an embarrassing jury verdict that highlights the discriminatory and unlawful manner in which CTEC treated a quality employee.

### Ms. Negede's Offer

To resolve this matter, Ms. Negede is willing to settle her claims for **$375,000**.

I ask that you contact me to discuss bringing this matter to a swift resolution.  Accordingly, this offer will remain open until **5:00 PM EST on Friday, December 20,  2019**.

### Preservation of Documents

Please note that this letter constitutes a notice of intent to sue.  Given the tenor and nature of our client's allegations, we ask that you take the necessary steps to ensure that CTEC preserves all potentially relevant material concerning our client's employment.  The type of material to be preserved includes all paper documents and electronically stored information including, but not limited to, e-mail, voicemail, instant messages and work procession files that are in CTEC's possession, custody or control, whether stored on computers or other storage media (e.g., hard disks, floppy disks, backup tapes, Zip cartridges, CDs, DVDs, 6etc.).

Very Truly Yours,

s/ *Tiffany Joseph Goodson*
Tiffany Joseph Goodson

cc:  Kidist Negede